# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 8745 | **DATE** | 3/16/2000 |
| **CASE TITLE** | Jami Vitullo, et al. vs. Velocity Powerboats, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

J.Q. Tex, Inc.'s partial motions for summary judgment and Modern Marine's partial motion for summary judgment.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons in the attached Memorandum Opinion and Order: Modern Marine's Motion for Summary Judgment as to Counts 11-17 of Vitullo's complaint [Doc # 73] is granted in its entirety; J.Q. Tex., Inc.'s Motion for Summary Judgment as to Counts 18-22 and 24 of Vitullo's complaint and Counts 6-7 of Allstate Insurance Co.'s complaint [Doc #62] is granted in its entirety; and J.Q. Tex., Inc.'s Motion for Summary Judgment as to Count 23 of Vitullo's complaint [Doc #57] is granted in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

mrl — courtroom deputy's initials

number of notices

MAR 17 200_ date docketed

docketing deputy initials

date mailed notice

Date/time received in central Clerk's Office — mailing deputy initials

Document Number

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Jami R. Vitullo et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 97 C 8745 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| Velocity Powerboats, Inc. et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Jami Vitullo and her late husband, Anthony Vitullo were involved in a boating accident near Navy Pier in Chicago, Illinois. Mrs. Vitullo was badly injured and her husband was fatally injured as a result of the accident, the details of which are discussed below. Jami Vitullo, individually and as special administrator of the Estate of Anthony Vitullo, sued Modern Marine L.C., the company that sold the boat and the trailer that they used to tow the boat. She also sued the manufacturers of the boat, Velocity Powerboats, and the manufacturer of the trailer, J.Q. Tex, Inc., d/b/a Trailmaster. While this suit was pending, the Allstate Insurance Company intervened. Allstate insured the boat. It asserted claims against various defendants for the resulting damage to the boat as a subrogee. Before the Court are several partial motions for summary judgment. Because all of the motions pertain to the same underlying facts, the Court addresses all of the pending partial summary judgment motions in this memorandum opinion.

### I. Background

In May of 1997, the Vitullos bought a boat and a boat trailer in Kalamazoo, Michigan, from Modern Marine. On July 27, 1997, the Vitullos were traveling by boat inside the breakwater near Navy Pier in Chicago, Illinois. The boat, driven by Mr. Vitullo, was traveling approximately

70 m.p.h. Neither of the Vitullos were wearing life vests. As the boat approached a large wake, Mr. Vitullo slowed the boat to approximately 55 or 60 m.p.h. Upon crossing the wake, the boat became airborne. When the boat landed back in the water, it decelerated rapidly and came to an abrupt stop. The Vitullos were thrown from the boat into the water. Mrs. Vitullo was thrown clear of the boat and alleges that she suffered various "personal and pecuniary" injuries as a result of the accident. Mr. Vitullo struck his head on some part of the boat and drowned. Craniocerebral injuries were a contributing cause of his death. Finally, the boat was cracked severely across the hull upon impact with the water.

In discovery, the defendants disclosed various expert witnesses, who rendered opinions about the crash. Robert Taylor, who was designated as an expert for Modern Marine, is a naval architect and a mechanical engineer. Taylor stated that the boat trailer provided support for the Vitullo's boat that was typical in the industry. Stuart Cohen, who was designated as an expert witness for Trailmaster, is a Naval Architecture PhD and is currently the Director of Marine Hydrodynamics Laboratory at the University of Michigan. Cohen, stated that the boat trailer did not in any way contribute to the way that the boat fractured. Vitullo did not marshal any experts to contradict these opinions. At the close of discovery, Modern Marine and Trailmaster filed various motions for summary judgment.

First, Trailmaster moved for partial summary judgment on counts 18 through 22 and 24 of the Vitullo Complaint and counts 6 and 7 of the Allstate Complaint. With its motion, it also filed a local rule 56.1(a)(3) statement of undisputed facts and a supporting memoranda of law. Neither Vitullo nor Allstate have filed any responsive papers. For the reasons discussed below, the Court grants Trailmaster's partial summary judgment motion in its entirety.

Second, Modern Marine moved for partial summary judgment directed towards counts 11 through 17 of the Vitullo Complaint. With its motion, it also filed a local rule 56.1(a)(3) statement of undisputed facts and a supporting memoranda of law. Vitullo did not file any responsive papers. For the reasons discussed below, the Court grants Modern Marine's partial summary judgment motion in its entirety.

Finally, Trailmaster also moved for partial summary judgment on count 23 of the Vitullo Complaint. With its motion, it also filed a local rule 56.1(a)(3) statement of undisputed facts and a supporting memoranda of law.[1] In response, Vitullo filed a brief in opposition and a statement of additional undisputed facts. Trailmaster filed a reply memorandum and reply to Vitullo's 56.1(b)(3) statement. For the reasons discussed below, the Court grants Trailmaster's partial motion for summary judgment in its entirety.

## II. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under the Local rules for the United States District Court for the Northern District of Illinois, "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Rule 56.1(b)(3)(B); see Midwest Imports, Ltd. v. Coval, 71 F.3d 1311, 1312 (7th Cir.1995) (The opposing party admits those facts, to the extent that they are properly supported by the record). Although failure to respond

---

[1] Vitullo claims that Trailmaster failed to comply with "Local Rule 12M," now codified as Local rule 56.1(a)(3). The Court disagrees, finds that Trailmaster has complied with the local rule, and rejects Vitullo argument that Trailmaster's motion should be denied on this basis.

to a motion for summary judgment and statement of undisputed material facts is not automatic grounds for granting summary judgment, see, e.g., Tobey v. Extel/jwp, Inc., 985 F.2d 330, 332 (7th Cir. 1993), a party cannot stave off a properly supported motion if she fails "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### III. Discussion

#### A. Trailmaster's Motion Regarding Counts 18 through 22 and 24 of the Vitullo Complaint and Counts 6 and 7 of the Allstate Complaint

Trailmaster has moved for summary judgment on all counts directed towards it except Count 23. Although stated in eight separate counts in two separate complaints, all of the allegations in the counts relate either to alleged breaches of warranty or negligence. The negligence counts allege that the trailer: (1) allowed too much stress on the hull; (2) failed to support the front eight feet of the boat; and (3) was unsafe for transporting twenty-six foot powerboats. The breach of warranty counts allege that the trailer was: (1) not merchantable quality; (2) not fit for its intended purpose (i.e., transporting a twenty-six foot powerboat from Kalamazoo, Michigan to Chicago, Illinois); (3) unreasonably dangerous; and (4) defective. According to both complaints, Mrs. Vitullo was injured, Mr. Vitullo was killed, and the boat was smashed as a direct and proximate result of the seven alleged faults above. In granting summary judgment for Trailmaster, it is only necessary to discuss the absence of causation.

To sustain an action for negligence, a plaintiff must show that: the defendant owed the plaintiff a duty, breached that duty, and that the breach proximately caused the plaintiff's injuries. See Espinoza v. Elgin, Joliet and Eastern Ry. Co., 649 N.E.2d 1323, 1326 (Ill. 1995). To sustain a cause of action for breach of warranty, the plaintiff must establish that the defendant promised certain things as part of the bargain between the parties, see Bysom Enterprises, Ltd. v. Peter Carlton

-4-

Enterprises, Ltd., 641 N.E.2d 838, 842 (Ill. App. 1st Dist. 1994), and that the defendant's breach of those promises proximately caused the plaintiff's injuries. See Wheeler v. Sunbelt Tool Co. 537 N.E.2d 1332, 134 (Ill. App. 4th Dist. 1989). Common to all counts is the allegation that these faults actually and proximately caused the plaintiff's injuries. "Proximate cause can only be established when there is a reasonable certainty that the defendant's acts caused the injury." Schultz v. Hennessy Indus., Inc., 584 N.E.2d 235, 241 (Ill. App. 1st Dist. 1991).

To prevail on their claims, both Allstate and Vitullo would need to show that the trailer's alleged shortcomings directly or indirectly damaged the boat, which in turn harmed Mrs. Vitullo and killed Mr. Vitullo. This they have not done. In support of its motion for summary judgment, Trailmaster submitted the affidavit and expert report of Stuart Cohen. Cohen examined the Vitullo's boat and trailer after the accident, specifically looking for forces that the trailer might have exerted on the boat, while the Vitullos transported, loaded or unloaded the boat. Cohen concluded that there was no evidence of any kind that the trailer damaged the hull in any way. Additionally, in Cohen's opinion, the accident caused the damage to the boat, not the trailer. Because the trailer did not harm the boat, it could not be the proximate cause of the breaking of the hull of the boat, the injuries to Mrs. Vitullo, or the death of Mr. Vitullo. Since neither Vitullo nor Allstate challenge Cohen's conclusions, summary judgment is granted with respect to Counts 18 through 22 and 24 of the Vitullo Complaint and counts 6 and 7 of the Allstate Complaint.

### B. Modern Marine's Motion Regarding Counts 11 through 17 the Vitullo Complaint

In Counts 11-12, and 15-16 of her complaint, Vitullo asserts causes of action for negligence. Like the negligence claims mentioned above, each negligence count involved here alleges that the boat trailer: (1) allowed too much stress on the hull; (2) failed to support the front eight feet of the boat; and (3) was inadequately sized for transporting twenty-six foot powerboats. By contrast,

Counts 13, 14, and 18, all relate to certain express or implied warranties that Modern Marine allegedly made when it sold the boat and trailer to the Vitullos. Vitullo claims that Modern Marine breached the warranties of merchantability and fitness for a particular purpose, and warranties that the boat trailer was not unreasonably dangerous and that it was free from defect. Modern Marine's summary judgment motion related to each of these claims is addressed below.

### 1. Negligence Counts (11-12, 15-16) Against Modern Marine

None of Vitullo's negligence claims can survive the motion for summary judgment because she has failed to show that Modern Marine breached any duty to her. In cases that allege seller negligence, the plaintiff must prove that the product in question was sold with a specific defect attributable to the defendant, or with a defect attributable to another that could be alleviated by the defendant's proper inspection or warning. See Saieva v. Budget Rent-A-Car of Rockford, 591 N.E.2d 507 (Ill. App. 2d Dist 1992) (citations omitted). Vitullo has not shown any defects attributable to Modern Marine or otherwise.

Each of Vitullo's four negligence counts against Modern Marine apply to the boat trailer only and not to the boat. Modern Marine has produced expert testimony stating that the boat trailer provided "typical" support for the boat. While this testimony might not conclusively establish that the boat was not defective (i.e., "typical" products could theoretically still be defective see, e.g., Hansen v. Baxter Healthcare, 723 N.E.2d 302 (Ill. App. 1st Dist. 1999) (evidence supported finding of negligence even though product complied with industry standards)), it is the only evidence on this point and it negates an element on which Vitullo would bear the burden at trial. Vitullo has not controverted this testimony. And, she has not come forward with any evidence showing that Modern Marine caused a defect or failed to detect or warn about a defect. Even assuming such a defect, Vitullo has not shown that such an alleged defect in the trailer caused the harms about which she

complains. Summary judgment is therefore granted with respect to all of the negligence counts against Modern Marine. See Fed. R. Civ. P. 56(e) (non-moving parties cannot rely simply on the allegations contained in the pleadings to stave off summary judgment); Celotex Corp. v. Catrett, 477 U.S. at 322 (same).

### 2. Warranty Counts (13-14, 17) Against Modern Marine

Vitullo's warranty claims also cannot withstand Modern Marine's motion for summary judgment because any warranties related to the boat and trailer were validly disclaimed. Sellers may disclaim both express and implied warranties under Michigan law. See, e.g., Koehring Co. v. A.P.I., Inc., 369 F.Supp. 882 (E.D. Mich. 1974). Disclaimers for both express and implied warranties must be in writing and must be conspicuous to be valid. See Lumber v. ClarkLift, 569 N.W.2d 681, 682 (Mich. App. 1997) (per curiam); see also Mich. Comp. Laws § 440.2316(2). To disclaim the warranty of merchantability, the writing must conspicuously use the term "merchantability." Id. "A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it." Mich. Comp. Laws § 440.1201(10). "Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color." Id.

Modern Marine validly disclaimed any warranties for the boat and trailer. The contract between Vitullo and Modern Marine stated:

> <u>Warranties</u>. SELLER EXPRESSLY DISCLAIMS ALL WARRANTIES EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

Modern Marine's use of all capital letters and the word "merchantability" validly disclaimed all express and implied warranties. See Mich. Comp. Laws § 440.1201(10); Lumber, 569 N.W.2d at 682. Consequently, Modern Marine is entitled to summary judgment on Vitullo's warranty claims.

### C. Motion Trailmaster Regarding Count 23 of the Vitullo Complaint

Vitullo's complaint for negligent infliction of emotional distress in Count 23 also cannot withstand Trailmaster's motion for summary judgment. Traditionally, recovery under this tort theory has been governed by the zone-of-danger rule. See Rickey v. Chicago Transit Auth., 457 N.E.2d 1 (Ill. 1983). Under this rule, a bystander plaintiff must establish that she was within the "zone of physical danger" caused by the defendant and that she reasonably feared for her own safety as a result of the defendant's negligence. See Seitz v. Vogler, 682 N.E.2d 766, 774 (Ill. App. 2d Dist. 1997). Emotional injuries suffered as a result of witnessing another's injuries may not provide the basis for a bystander claim. See Alexander v. DePaepe, 499 N.E.2d 1065, 1068 (Ill. App. 2d Dist. 1986) (plaintiff may not recover for emotional distress caused by "watching another's injury or suffering"). Because Vitullo has not shown that she ever feared for her own safety during or after the accident occurred, Trailmaster's motion for summary judgment is granted as to Count 23.

Both the complaint and the evidence amassed through discovery show that Mrs. Vitullo did not fear for her own safety. Mrs. Vitullo's own testimony established that:

- her only concern "was for Anthony not even myself, not for anything else;"

- she refused assistance onto another boat after the accident;

- she did not recall being afraid of drowning;

- she was unaware of any flammable liquids in the water that could have caused a fire; and

- she was not afraid of a fire starting.

Mrs. Vitullo admits each of these points and does not offer any contrary evidence showing that she actually feared for her own safety. Even her complaint does not suggest that she feared for her safety. Despite the allegation that she was in "continuous danger," nowhere does she allege that she

actually feared for her safety. Although the Court does not doubt that it might have been objectively reasonable for someone in Mrs. Vitullo's position to fear for her safety, there is no evidence that she actually did. Moreover, since Trailmaster has come forward with affirmative evidence negating an element on which Mrs. Vitullo bears the burden at trial, she must do more to resist summary judgment than point to the "allegations and denials" in her pleadings. She has not.[2]

As a final note, Mrs. Vitullo's argument that she was a "direct victim" of Trailmaster's negligence is unavailing here. Fairly read, her complaint alleges direct negligence in Count 22 of her complaint where she seeks compensation for injuries of a "personal and pecuniary nature," which include damages for emotional distress. See Commissioner v. Schleier, 515 U.S. 323, 335-36 (1995) (noting that personal injuries have traditionally included emotional distress). As noted above, these direct negligence claims were dismissed on summary judgment because Vitullo did not show that any of Trailmaster's acts were the direct or proximate cause of her injuries. In Count 23, by contrast, she alleges negligent infliction of emotional distress as a "bystander" to her husband's misfortune. For example, she alleges that the harm that she suffered resulted from being forced to witness her husband's injuries. Since Count 23 only alleges a bystander cause of action this "direct victim" argument is unavailing. Summary judgment is granted on Count 23 of the Vitullo Complaint in Trailmaster's favor.

---

[2] With respect to the negligent infliction of emotional distress claim, Trailmaster has not argued that the trailer was not the proximate cause of Vitullo's injuries. Thus, the Court confines its decision to the arguments presented by the parties.

## Conclusion

For the foregoing reasons, the partial summary judgment motions of Trailmaster and Modern Marine are granted in their entirety. Specifically, summary judgment is entered on Counts 11 through 24 of the Vitullo Complaint and on Counts 6 and 7 of the Allstate Complaint.

Enter:

_____
David H. Coar
United States District Judge

Dated: **MAR 16 2000**