# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 8745 | **DATE** | 9/20/2001 |
| **CASE TITLE** | Jami R. Vitullo, et. Al. Vs. Velocity Powerboats, Inc, et. Al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum and Opinion, the defendant's motion for attorney's fees pursuant to Rule 68 is DENIED. [Doc. # 99].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 2 1 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| X | Docketing to mail notices. | | docketing deputy initials | 102 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | SEP 2 1 2001 date mailed notice | |
| lc(vg) | courtroom deputy's initials | 01 SEP 20 PM 6: Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Jami R. Vitullo, et al ) <br> ) <br> Plaintiffs, ) <br> ) No. 97 C 8745 <br> v. ) <br> ) HONORABLE DAVID H. COAR <br> Velocity Powerboats, Inc., a corporation; ) <br> Thoroughbred Powerboats, Inc., a ) <br> corporation; Modern Marine, L.C., a ) <br> corporation; and J.Q. Tex Inc., a ) SEP 21 2001 <br> corporation d/b/a Trailmaster, ) <br> ) <br> Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before this court is defendant, J. Q. Tex, Inc., a corporation d/b/a Trailmaster, ("J.Q. Tex") by its attorney Patrick R. Grady, petition for attorney's fees, pursuant to Rule 68. For the following reasons, the defendant's motion is denied.

### Background

J.Q. Tex mailed offers of judgment in the amount of $1,000 to Jami R. Vitullo ("Vitullo" or "plaintiff") and intervening petitioner, Allstate Insurance Company ("Allstate") on December 16, 1998. On the basis of the defendant's motion for summary judgment, this court dismissed all claims by the plaintiff and intervening petitioner brought against J.Q. Tex on March 16, 2000. This court terminated entered a final order terminating the Vitullo case on January 25, 2001. Defendant brings before the court a motion to recover $11,340.00 in attorney's fees, amassed before the case against J.Q. Tex was dismissed on March 16, 2000.

1

**Standard of Review**

Rule 68 of the Fed.R.Civ.P. states in relevant part:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Therefore, Rule 68 authorizes a defendant to make an offer of judgment "for the money . . . specified in the offer, with costs then accrued." If the plaintiff refuses the offer and but wins less than the amount of the offer, the plaintiff must pay the costs incurred by the defendant from the time of making the offer. The law is well settled that where costs are defined in the underlying statute to include attorney's fees, the court may award fees as part of the costs. Marek v. Chesny, 473 U.S. 1 (1958).

**Discussion**

Before this court is defendant's motion to recover $11,340.00 in attorney's fees pursuant to Rule 68. The defendant argues that it is entitled to attorney's fees under Rule 68 because subsequent to making an offer of judgement all of the claims brought against it by all plaintiffs in the case were dismissed short of a trial. This court disagrees.

Federal Rule of Civil Procedure 68 provides that if an offer of judgment is not accepted and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."[1] may include attorney's fees if properly

---

[1] The Supreme Court expressly held in Marek v. Chesny, 473 U.S. 1, 9, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1985) that the term "costs" awardable by statute. In this case, J.Q.Tex has not provided any statute or case law under which attorney's fees may be awarded even if the

2

While the Seventh Circuit had not addressed this matter explicitly, the issue of whether Rule 68 applies to situations in which the plaintiff's final judgment is obtained through means other than a trial has been discussed in a few other federal courts. See Lang v. Gates, 36 F.3d 73 (9th Cir.1994); Hutchison v. Wells, 719 F.Supp. 1435 (S.D.Ind.1989); EEOC v. Hamilton Standard Div., 637 F.Supp. 1155 (D.Conn.1986). Among these cases, there is disagreement as to whether Rule 68 is operative only where the rejected settlement offer was followed by a trial. Id.

In this court's view, although the literal text of Rule 68 does not require that the final judgment obtained by the plaintiff be pursuant to a trial, it appears that Rule 68 was intended to address only such a scenario. As the United States Supreme Court has stated, "[t]he Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." Marek v. Chesny, 473 U.S. 1, 5, 105 S.Ct. 3012, 3014, 87 L.Ed.2d 1 (1985) (emphasis added). In its comments on proposed revisions to Rule 68, the Advisory Committee on Civil Rules of the Judicial Conference of the United States observed that Rule 68 was designed "to encourage settlements and avoid protracted litigation by taxing a claimant with costs if he should recover no more after trial than would have been received if the claimant had accepted the defending party's offer to enter judgment...." 102 F.R.D. 433 (emphasis added).

---

plaintiff is responsible for the defendant's costs under Rule 68. Instead, the defendant generally asserts, without providing any precedent or other authority, that because the plaintiff refused the defendant's offer of judgment in the amount of $1,000 and subsequently the defendant's case was dismissed, under Rule 68 the plaintiff is responsible for the defendant's costs, including attorney's fees. Without any statutory authority, the defendant's argument is ultimately untenable.

3

In present case, settlement may be frustrated if defendants believe they can be awarded costs even upon a judgment of dismissal from the court. Such a rule undermines a defendant's motivation to provide a fair offer of judgment and therefore undermines the primary objective of Rule 68. For the foregoing reasons, the court holds that Rule 68 does not apply to the instant case.

## Conclusion

For the foregoing reasons, the defendant's motion for attorney's fees pursuant to Rule 68 is denied.

Enter:

David H. Coar
United States District Judge

Dated: SEP 20 2001